UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL E. JOHNSON,

    Plaintiff,

v.                                                      Case No. 1:06-cv-84
                                                      HON. GORDON J. QUIST

WILLIE O. SMITH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Fingal E. Johnson, a prisoner confined at the Riverside Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants employed at Ionia Maximum Correctional Facility: Warden Willie O. Smith, Deputy Warden Nannette Norwood, Food Service Director Gary Lewis, Classification Director and Transfer Coordinator Carl Foy, Assistant Resident Unit Manager Darrell Kelly, and Resident Unit Manager Fate. Plaintiff alleges that he was retaliated against when defendant Lewis refused to give him a baker position. Plaintiff's work hours were cut on January 28, 2004. Defendant Lewis terminated plaintiff from his food service position because plaintiff was wearing medically prescribed shoes in the kitchen and not his state issued shoes. Plaintiff was reinstated to his position and given back pay after he won his grievance. Plaintiff alleges that defendant Lewis always held plaintiff accountable for other prisoners. On September 1, 2004, defendant found some butter in the cooler with a "spork" in it. Defendant had previously warned plaintiff not to leave utensils in the cooler because it presented a sanitation issue. Plaintiff informed defendant that they were about to use the butter and that defendant should post

the rules that he constantly makes up. Plaintiff alleges that this offended defendant Lewis because Lewis consistently makes up contradictory rules.

Plaintiff alleged that on September 2, 2004, defendant Lewis placed plaintiff's name and prison number in the office window under "Prisoners Problem Log." Plaintiff alleges that he was evaluated the entire month solely on the butter incident. In December 2004, plaintiff complained to defendant Norwood that the meat being prepared for the Christmas holiday was spoiled. Plaintiff alleges that defendant Norwood stated that she would check into it, but she never did. In August, plaintiff complained to defendant Norwood that he needed sweat bands so his sweat would not drip into prisoners' food. Defendant Norwood told plaintiff to speak with defendant Lewis. Plaintiff told defendant Norwood that defendant Lewis refused to provide sweat bands. Norwood allegedly suggested to plaintiff to find another job. On March 7, 2005, plaintiff was transferred to Riverside Correctional Facility which plaintiff alleges is a mental facility. Plaintiff alleges that the transfer caused him to lose his good paying job and was done in deliberate indifference to his medical needs. Plaintiff alleges that the medical staff at Riverside Correctional Facility was deliberately indifferent to his medical needs.

Defendants have filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed.

R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that defendants retaliated against him.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff engaged in protected conduct on or about January 28, 2004, when he filed a grievance after being denied the baker position.  Plaintiff alleges that defendants then took

retaliatory action. Plaintiff alleges that his work hours were cut and he was harassed. Plaintiff alleges that he was terminated from his position for wearing "medically prescribed" shoes and ultimately transferred from the prison.

Defendant Lewis explained that plaintiff was removed from his job because he was unable to wear state issued shoes as required by policy when working in the kitchen. Warden Smith reinstated plaintiff to the position, allowing plaintiff to wear tennis shoes. Plaintiff received back pay. Plaintiff clearly suffered no damages as a result of his initial removal from the position. In the opinion of the undersigned, plaintiff cannot show adverse conduct necessary to support a retaliation claim. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness;" the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). In the opinion of the undersigned, an ordinary person would not be deterred from filing a grievance as a result of a termination for wearing improper shoes. In fact, although not dispositive, plaintiff was not deterred. He filed a grievance and was successful in returning to his position as a food service worker. Moreover, there exists no connection to plaintiff's grievance filing and his termination over six months later. Similarly, plaintiff alleges that he was harassed by defendant Lewis. Defendant Lewis did warn plaintiff not to leave utensils in the cooler because it presented a sanitation issue. Defendant Lewis explained that plaintiff had worked in the kitchen "for quite a while." Defendant Lewis opined that plaintiff had a problem with authority figures and was always questioning instructions. In the opinion of the undersigned, there exists no evidence to support plaintiff's claim of retaliation against defendant Lewis.

Plaintiff also asserts that his transfer to Riverside Correctional Facility was retaliatory and that Riverside Correctional Facility houses mentally ill prisoners. In the opinion of the undersigned, plaintiff has presented no evidence that his transfer was retaliatory. Plaintiff's transfer

- 4 -

was routine. Plaintiff was transferred to make room for a new prisoner transferring into the Ionia Correctional Facility.

Plaintiff alleges that his Eighth Amendment rights were violated when he was transferred to a prison that, according to plaintiff, could not treat him for diabetes. Defendants were not involved in providing plaintiff with health care and had no involvement with health care at Riverside Correctional Facility. In the opinion of the undersigned, plaintiff's claim must fail. Moreover, plaintiff cannot sue under the Eighth Amendment for emotional damages. The Sixth Circuit repeatedly has held, albeit in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at \*2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at \*2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at \*1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at \*2 (6th Cir. June 7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at \*1 (6th Cir. May 12, 2000). The Second and Fifth Circuits also have found that § 1997e(e) applies to constitutional claims. *See Thompson v. Carter*, 284 F.3d 411 (2d Cir. 2002) ("Because the words 'federal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights."); *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001) (applying § 1997e(e) to constitutional claims, including First Amendment religion claims); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Defendants also are entitled to assert the defense of qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which

a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified

- 6 -

>immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of the pre-existing law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

>The Sixth Circuit has observed:

>A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d 425. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). In the opinion of the undersigned, defendants are entitled to the defense of qualified immunity because they did not violate any of plaintiff's clearly established rights.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendants' motion for summary judgment (Docket #17) be granted and this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   December 1, 2006