UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL E. JOHNSON,

        Plaintiff,                      Case No. 1:06-CV-84

v.

                                       HON. GORDON J. QUIST

WILLIE O. SMITH, et al.,

        Defendants.
                               /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on December 1, 2006. In his report and recommendation, the magistrate judge recommended that the Defendants' motion for summary judgment be granted and the case be dismissed. In particular, the magistrate judge found that the Defendants were entitled to qualified immunity because the Plaintiff failed to show that the Defendants violated any of the Plaintiff's clearly established constitutional rights. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The Plaintiff objects to the magistrate judge's finding that the conduct by Defendant Lewis was not capable of deterring a person of ordinary fairness from filing grievances. The Plaintiff does not show that Lewis' conduct acted as a deterrent, but asserts that he was treated unfairly by Lewis and that he should have been given prior notice of certain rules surrounding his employment before being punished for improper conduct. The Plaintiff does not address the magistrate judge's conclusion that because the Plaintiff was reinstated in his position and awarded back pay following the review of his grievance, he did not suffer the adverse conduct necessary to support a retaliation

claim. The Court agrees with the magistrate judge that the Plaintiff has failed to support his claim of retaliation against Lewis.

The Plaintiff also objects to the magistrate judge's finding that the Plaintiff's transfer to another facility was merely routine and not retaliatory. The Plaintiff contends that this transfer violated his clearly established First Amendment rights and that the magistrate judge erred by finding that the Defendants were entitled to qualified immunity. The Plaintiff contends that the timing of the transfer and the length of time between his security screening and transfer raises an inference of retaliation. However, the Plaintiff does not present any evidence contradicting the Defendants' showing that the transfer was routine. In addition, the incidents that Plaintiff alleges led to his transfer occurred several months prior to his transfer. The magistrate judge did not err in finding that the Plaintiff failed to show that his transfer out of the Ionia facility was retaliatory and that the Plaintiff has failed to show that the Defendants violated any of the Plaintiff's clearly established constitutional rights. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on December 1, 2006 (docket no. 35), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Defendants' motion for summary judgment (docket no. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to appoint counsel (docket no. 38) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

**This case is concluded**.

Dated: March 9, 2007         /s/ Gordon J. Quist
                             GORDON J. QUIST
                             UNITED STATES DISTRICT JUDGE